UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Donald Parkell, plaintiff  v.  Maria Lyons et.al., defendants.

Civ.A.No. 17-1496-LPS

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

FILED FEB 22 2018 U.S. DISTRICT COURT DISTRICT OF DELAWARE

The defendants responded to the Court's order to justify their retaliatory conduct on Feb. 8, 2018.

Their motion is completely without any justification and as such I move that this Court order the defendants to immediately provide this Court with my legal documents that were seized from me minutes prior to an attorney visit with Class Counsel James Green representing me in the suit tied to the JTVCC C-building crisis.

Those documents were 3 separate portraits, of which one was a family of the late Steven Floyd, the Lieutenant murdered on Feb. 1st, 2017. The portrait was extremely well drawn, very tasteful and respectful and intended to serve as an exhibit for the motion in the class action for that Court to have a basis for evaluating abstract value of artistic expressions created by me that were arbitrarily destroyed on or after Feb. 2, 2017 by defendants in the class action. I put my own expression and took almost 100 hours working on that one portrait, yet there were 3 taken

from me. The defendants operated for so long by violating prisoner rights that they felt that they could take my clearly rightful drawings for no legitimate reason.

Defendants provide no reason to consider as to why they felt that my portraits warranted being seized just before being handed to my attorney. My attorney has the motion, but not the exhibits as supposed to be attached.

This absence thwarted my effort to give this Court notice of those long painstaking hours prior to the filing of the response to the defendants' motion to dismiss (12(b)(6)).

The defendants know that it is long established that inmates have a right to attorney client interactions to discuss filing strategies, and documents. They also know that they may not legally interfere with the same.

The only two paragraphs that can feasibly be construed as a justification attempt from the defendants, states that 1. I am not in Delaware, so I "clearly no longer suffers a threat of immediate or irreparable injury at the hands of the Defendants." That position is facially absurd. They took my property without any legal authority to do so and lack any legitimate

competency interest to do so. The fact that #137 was an actual exhibit for a court filing which increases the outrageous conduct a step higher. The fact that the property remains illegally in the hands of defendants rather than filed in Court as they were created by me for that purpose places me in perpetual injury. Defendants did not even give me a misconduct for the property they claim was legitimately seized. The exact timing of their seizure of just one or two minutes prior to being able to hand them to my attorney is sufficient to show intent. They do not respect the rights of inmates whatsoever.

And 2. they claim that I do not have a chance of success on the merits of the case. This is absurd as well. The defendants' opposition is so weak that it suffices to say that success on the merits is probable.

My attorney requested our visit take place in the "Document Exchange Room", which by its very name explains its purpose. My documents were taken prior to a visit in that room. The defendants fail to explain why they only took the exhibits to an unfiled motion, but left alone all my documents that were

Their bold recitation that policy "allowing inmates to bring materials to meetings only when requested by the attorney appropriately balances an inmate's right to access to courts and counsel with security considerations" has no effect. The portraits were selected out of an accordion legal folder with many documents. They deliberately and maliciously found and chose exhibits due for filing. No other documents were taken that day, however, the defendants repeated the behavior again, as is noted in supplement to the Complaint.

On January 17 2018 another obstruction was orchestrated by Sgt. May (a defendant in this case), where he searched through legal papers just before my visit with class counsel and took my newspaper article with media reports due for filing in consideration of our opposition to the 12(b)(6) motion to dismiss. Again, only the exhibits.

The defendants close out their justification by stating "... Mr. Parkell is a prolific litigator and has been appointed counsel in several cases before this Court. There is no indication that those cases have been substantially impeded by JTVCC security procedures." This last sentence has no merit. The incident in question

has impeded the filing of the documents in dispute.

The defendants' motion response is wholly without merit and completely bald. No justification can be given for conduct as described.

Wherefore, I ask this Court Order that all the portraits taken by May, Howard, and DeJesus be immediately provided to this Court in order for those documents to be provided to myself, or provided to me directly through certified mail to ensure delivery.

Respectfully,
Donald Parkell

PO Box 200
Camp Hill Pa 17001
Dated Feb. 15, 2018

# CERTIFICATE OF SERVICE

I Donald Parkell hereby certify that on Feb. 15, 2018 I sent a copy of my response to the Court using US mail. There is no efile option here for me.

Donald Parkell

SCI Camp Hill
PO Box 200
Camp Hill, Pa. 17001
Feb. 15, 2018

Donald P[...]
NF-7597
SCI CAMPHILL
PO Box 200
Camp Hill Pa. 17001

INMATE MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 17011
02 4W $ 000.68⁰
0000345628 FEB 16 2018

2018 FEB 22 PM 3:02

Clerk of Court
US District Court
District of Delaware
844 N. King St.
Unit 18
Wilm., De. 19801

1980133570 C012