IN THE UNITED STATES DISTRICT COURT

OR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-1496-LPS |
| MARIA LYONS, et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff Donald D. Parkell ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 1) At the time he commenced this action, Plaintiff was incarcerated at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 11)

**II.   BACKGROUND**

Plaintiff was recently transferred to SCI Camp Hill in Camp Hill, Pennsylvania. When he was still housed at the VCC, he filed a motion for injunctive relief: (1) for Defendants to return three portraits; (2) to stop the requirement of chains, cuffs, and shackles during Plaintiff's legal visits; (3) to stop Defendants from looking at his legal papers before legal visits; and (4) to prohibit Defendants from chaining an inmate to a wall for any reason. (D.I. 5) Defendants oppose the motion and argue it should be denied given Plaintiff's transfer from the Delaware Department of Correction to the Pennsylvania Department of Corrections. (D.I. 18) Plaintiff replies that Defendants' response is "completely without justification." (D.I. 19) He also claims Defendant Mike Little perjured himself in Defendants' response. (D.I. 20).

## III. STANDARDS OF LAW

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## IV. DISCUSSION

Inasmuch as Plaintiff is no longer incarcerated at the VCC and the injunctive relief he seeks relates to his confinement there, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff is no longer housed as the VCC, it is impossible for him to suffer irreparable with regard to the issues he raises in seeking injunctive relief.

2

## IV. CONCLUSION

For the above reasons, the Court will deny the motion for injunctive relief as moot. (D.I. 15)

An appropriate Order follows.

_____
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2018.