IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-1496-LPS |
| MARIA LYONS, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this 24th day of September, 2018, having considered Plaintiff's amendment to the operative pleading and second supplement to complaint (D.I. 21, 22);

IT IS ORDERED that the filings, docketed as motions for leave to amend, are STRICKEN (D.I. 21, 22) for the following reasons:

Plaintiff Donald D. Parkell ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 1) When he commenced this action, Plaintiff was incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. He is now housed at SCI Camp Hill in Camp Hill, Pennsylvania. Plaintiff initially appeared *pro se* but is now represented by counsel. (*See* D.I. 29)

Plaintiff's Complaint alleges his legal documents were confiscated by Defendants prior to an October 2017 visit with his attorney. (D.I. 1) A supplement to the complaint alleges this happened again prior to a visit in January 2018. (D.I. 17) The original complaint and the supplement to the complaint contain similar allegations and the supplement refers to a defendant named in the original complaint. The Court considers D.I. 1 and D.I. 17 as the operative pleading.

On February 26, 2018 and February 28, 2018, Plaintiff filed an "amendment to the operative pleading" and a "second supplement to complaint." (D.I. 21, 22) Docket Item 21 seeks to add a new defendant and appears to raise two claims: (1) Plaintiff's books were confiscated; and (2) the books were

1

confiscated in retaliation for a prior lawsuit Plaintiff filed in this Court. Docket Item 22 also seeks to add a new defendant and alleges a violation of Plaintiff's First Amendment right to have access to the media, because two reporters were denied a visit with Plaintiff.

The Court has reviewed the "amendment" and "supplement" and the claims contained therein. The filings are actually amendments to the complaint. Plaintiff, however, did not seek leave to amend, in derogation of Fed. R. Civ. P. 15(a). Also, piecemeal complaints are disfavored as they are difficult, if not impossible, for Defendants to adequately respond to. Additionally, the claims in the "amendment" and "supplement" are only somewhat related to the operative pleading.

The Court considers the "amendment" and "supplement" as attempts to join unrelated defendants and claims in violation of Federal Rule of Civil Procedure 20(a)(2), which states, in pertinent part:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

A review of the "amendment" and "supplement" reveals that they do not contain common questions of law and fact as to all defendants. Accordingly, the Court will strike the "amendment" and "supplement." (D.I. 21, 22) Plaintiff has the option of commencing new actions raising these claims should he wish to do so. The instant case will proceed on the operative pleading at Docket Item 1 and Docket Item 17.

Defendants recently filed motions to dismiss (*see* D.I. 27, 28), to which Plaintiff has just responded (D.I. 34). Pursuant to the stipulated order (*see* D.I. 32), Defendant's replies in support of their motions are due on October 12.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE