IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD PARKELL, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 17-1496-LPS |
| | ) |
| v. | ) |
| | ) |
| MARIA LYONS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND/OR CONDUCT AN EVIDENTIARY ANALYSIS ON THE ISSUE OF EXHAUSTION WITH RESPECT TO CLAIMS AGAINST HOWARD, MAY AND DEJESUS**

Defendants Lt. Orlando DeJesus, Vincent May and William Howard ("Security Defendants"), by and through the undersigned counsel, hereby respond to Plaintiff Donald Parkell's ("Plaintiff") reply in opposition to their motion that the case be dismissed and/or an evidentiary hearing be held to determine whether Plaintiff exhausted his administrative remedies under the PLRA as follows:

1. As discussed in the Security Defendants initial motion, a review of Plaintiff's grievances shows that he filed no grievances about this issue. In fact, he filed this lawsuit only thirteen days after the events detailed in the Complaint, making it implausible that he could have fully exhausted any administrative remedy prior to filing suit.

2. In response to the Security Defendants' motion and the Motion to Dismiss filed by co-defendants, Plaintiff filed a single response that consists largely of testimony from Plaintiff and Plaintiff's counsel about the purported indignities faced during their attorney-client meetings last October. Plaintiff does not deny failing to file a grievance, but rather contends that filing a grievance would have been futile because "staff issues" are deemed by the grievance officer to be non-grievable.

3. As an initial matter, Plaintiff incorrectly characterizes exhaustion as a summary judgment issue. While Defendants do not oppose additional, limited discovery on the exhaustion issue, it is important to stress that exhaustion is *not* a summary judgment issue. In the recent case of *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), the Third Circuit discussed the procedure for resolving whether an inmate had properly exhausted his administrative remedies. Exhaustion is a "*preliminary issue* for which no right to jury trial exists." *Id.* at 210 *quoting Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013)(emphasis added).[1] Not only is exhaustion a preliminary issue, *Paladino* clearly allows the Court to weigh the credibility of witness (unlike summary judgment). The Defendants are happy to present additional testimony about the various administrative remedies available to inmates at JTVCC should the Court desire to hear it.

4. As to Plaintiff's contention that raising a "staff issue" through the normal grievance process may have been futile, he may be correct. According to the Institutional Grievance Chair Matthew Dutton, grievances that ask for an officer to be investigated or disciplined are considered to be "staff issues" and are not addressed through the grievance process. *See* Declaration of Matthew Dutton attached as Exhibit A. However, those issues are appropriately addressed by writing the unit commander. *Id.* Further, if an inmate files a grievance raising these issues, it is forwarded to the unit commander for investigation. *Id.* The decision of the unit commander can be appealed to the Operations Superintendent and ultimately the Warden. *Id.* Thus, there is an administrative remedy available for "staff issues." In fact, that remedy can be initiated by filing a

---

[1] It appears from *Paladino* that exhaustion is not really a Rule 12 dismissal issue or a Rule 56 summary judgment issue. Defendants have called this a motion to dismiss because dismissal is the outcome they are seeking. However, Defendants have no objection to allowing Plaintiff limited discovery on the exhaustion issue. That says, he appears to concede that he took no steps to exhaust (because he contends that a grievance would have been rejected).

2

grievance. Therefore, Plaintiff's argument that he be excused from exhaustion requirements for a lack of a remedy should be disregarded.

5. Moreover, Dutton states that claims of missing property are generally grievable, the exception is when there is a pending disciplinary action. *Id.* In this case, Plaintiff was disciplined for the October 11, 2017 incident. He was found guilty and did not appeal. *Id.* Thus, Plaintiff had yet another administrative avenue that he failed to fully exhaust.

While notice and opportunity are key in an exhaustion matter, *Paladino* gives trial courts discretion to decide on a method for giving parties notice and opportunity. *Id.* at 211. Defendants believe that Plaintiff has had administrative remedies available to raise his concerns with his treatment by the officer and to raise his concerns about his property. He did not avail himself to those options but instead filed suit almost immediately.

WHEREFORE, Defendants DeJesus, Howard and May respectfully request that this Honorable Court allow Plaintiff an opportunity to respond to their contention that he failed to exhaust his administrative remedies as required by the PLRA and then dismiss Plaintiff's claims against them.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Ryan P. Connell
Ryan P. Connell, I.D. #5423
Deputy Attorney General
820 North French Street, 6th Fl.,
Wilmington, Delaware 19801
(302)577-8400
Ryan.connell@state.de.us

Dated: October 12, 2018

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD PARKELL, | ) |
| Plaintiff, | ) C.A. No. 17-1496-LPS |
| v. | ) |
| MARIA LYONS, et al., | ) |
| Defendants. | ) |

**DECLARATION**

Pursuant to 28 U.S.C. §1746, I, Matthew Dutton, declare the following:

1. I am employed by the Delaware Department of Correction ("DDOC") and am currently assigned to the James T. Vaughn Correctional Center ("JTVCC") located in Smyrna, Delaware.

2. I have been employed by DDOC since 2000 and Institutional Grievance Chairperson ("IGC") since May, 2006. I currently hold the rank of Corporal.

3. My present duties include being primarily one of several Institutional Grievance Chairpersons ("IGC"). In that capacity, I initially review and process all inmate grievances pursuant to the institutional grievance policy and procedure. I have held this position since approximately May 2006. I provide initial processing and, in nearly every instance, will notify the grievant in writing as to the disposition and routing of the particular grievance, irrespective of its subject matter or nature.

4. Not all inmate complaints are properly addressed through the inmate grievance process. The correct administrative remedy is sometimes determined by how an issue is framed. If a grievance asks for an officer to be investigated/disciplined, it is considered a "staff issue" and it not grievable through the normal grievance process. Staff issues are appropriately

addressed by writing the unit commander. When an inmate files a grievance raising staff issues, I generally respond to the inmate as as follows: "In most cases to request the actions of security staff personnel to be investigated, you should write to the Unit Commander; however a copy of this grievance will be sent by DACS to Unit Commander at this time. If you receive no response or are dissatisfied with the response from the Unit Commander, you may appeal that decision to the Operations Superintendent and ultimately to the Warden." I forward the grievance to the unit commander with the following message: "The grievance referred to you has been identified as not meeting the standards established by policy to be processed through the grievance system, and therefore will be returned to the offender as unprocessed. Major Brennan directed the IGC office to forward this document to you for investigation. Any and all concerns identified during your investigation into this matter are to be relayed to Major Brennan's office." Thus, there is an administrative remedy for "staff issues" and that administrative remedy can be initiated by filing a grievance.

5. Inmates can submit a grievance on any policy, however sometimes we mark the grievance return/unprocessed and ask that the inmate write the Warden as he is the only person that can change it when it comes to housing rules. If a Bureau level policy is at issue I instruct them to write the Bureau Chief.

6. Generally inmates can dispute missing property through the grievance process. The only way it would not have been accepted is if the inmate received a disciplinary report for the pictures and would have to go through the disciplinary process and appeal process this is per 4.4 grievance policy. In this case, it appears that inmate Parkell received a disciplinary write up on October 11, 2017 related to the items he purported to wish to take to his legal visit. He did not appeal that decision.

I, Matthew Dutton, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 12 day of October, 2018.

_____
Signature

Matthew Dutton
_____
Print Name

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD PARKELL, | ) |
| Plaintiff, | ) C.A. No. 17-1496-LPS |
| v. | ) |
| MARIA LYONS, et al., | ) |
| Defendants. | ) |

**ORDER**

AND NOW, this _____ day of _____, 2018, the Motion to Dismiss filed by Defendants in the above captioned matter having been duly considered, and Plaintiff having been given notice and an opportunity to respond on the issue of exhaustion, is **granted**; and,

IT IS ORDERED that the Plaintiff's claims against Defendants DeJesus, Howard, and May be dismissed, with prejudice, and judgment be entered in their favor.

_____
Judge