IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | : |
| Plaintiff, | : |
| v. | : C.A. No. 17-1496-LPS |
| MARIA LYONS, et al., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Pending before the Court are Defendant's motions to dismiss for failure to exhaust administrative remedies (D.I. 27) and failure to state a claim (D.I. 28). Having reviewed the parties' briefing (D.I. 27, 28, 34, 36, 37), IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies (D.I. 27) is DENIED without prejudice to Defendant having an opportunity to renew its motion as one for summary judgment. As the parties appear to agree that additional, limited discovery may be warranted for the issue of exhaustion (D.I. 34 at 2; D.I. 36 at 2), the parties shall meet and confer and, no later than April 15, submit a joint status report addressing: (1) what, if any, discovery may be required; and (2) a proposed schedule for summary judgment briefing on exhaustion. Once briefing is complete, the Court may serve as factfinder on the issue of exhaustion and may (or may not) hold an evidentiary hearing. *See Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018) (holding that district court may act as factfinder on exhaustion after providing parties with notice and opportunity to respond).

2.  Defendants' motion to dismiss for failure to state a claim against Defendant Little[1] (D.I. 28) is GRANTED. Plaintiff is granted leave to file an amended complaint, with the assistance of counsel, that complies with federal pleading standards.

Sufficiency of pleadings is governed by Federal Rule of Civil Procedure 8, which requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007); *see also Fowler v. UP MC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *See Fowler*, 578 F.3d at 210. First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Determining whether a claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A plausible claim does more than merely allege entitlement to relief; it must also demonstrate the basis for that "entitlement with its facts." *Fowler*, 578 F.3d at 211 (internal citations omitted). Thus, a claimant's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels

---

[1] Defendants also moved to dismiss Defendants David Pierce and Maria Lyons (D.I. 28 at 1), but Plaintiff has voluntarily dismissed Pierce and Lyons from the case (D.I. 33).

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Section 1983 liability is predicated on personal involvement rather than vicarious liability; "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. A complaint is sufficiently particular "where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Plaintiff filed a *pro se* complaint charging Defendant Little, who serves as Legal Services Administrator at James T. Vaughn Correctional Center ("VCC"), with: (1) one count of retaliation "by destroying or seizing in-house court documents meant for filing or copying" (D.I. 1 at ¶ 85); (2) one count of interfering with access to the courts "by failing to file or copy original motions, petitions and writs [leading to] the destruction or seizure of the documents has caused actual injury" in several identified cases (*id.* at ¶ 88); and (3) a general allegation of "obstruct[ing] the plaintiff's right to confidential communication and privacy in communicating

3

or corresponding with attorneys and with the Courts," by "enact[ing] a method" to ensure Little served as a "self-appointed gate-keeper[] who decide[s] what legal claims are filed." (*Id.* at ¶¶ 90-91)

In the Court's view, none of these allegations meet the requisite level of particularity required by Rule 8. Plaintiff has not identified any specific documents that Little had withheld or destroyed, or when those documents were withheld or destroyed. Plaintiff also has not identified any facts tending to show that Little had possession of those documents at the time they went missing, had personally created or ordered a policy of withholding or destroying legal documents, had any control over protocols or procedures pertaining to the review of prisoner communications, or his motivation for the alleged retaliation. By failing to allege any acts with particularity, the complaint does not state a plausible claim for which relief may be granted.[2] *See Mincy v. Klem*, 448 Fed. Appx. 169, 171 (3d Cir. 2011) (affirming grant of motion to dismiss when plaintiff failed to sufficiently plead personal involvement); *Kostyshyn v. Fink*, 2011 WL 4344450, at *2 (D. Del. Sept. 15, 2011) (granting motion to dismiss because "it is not clear from the pleadings when the alleged violations occurred, where they occurred, or the involvement (if any) of each defendant in the alleged violation").

---

[2] In opposing the motion to dismiss, Plaintiff alleges that "as Legal Services Administrator, Little failed to properly train and supervise Defendants May, Howard, and DeJesus." (D.I. 34 at 4) This allegation is not in the complaint, but even if it were, Plaintiff's "failure to train" allegation also lacks the requisite specificity. *Thomas v. Cumberland County*, 749 F.3d 217, 226 (3d Cir. 2014) (noting that "failure to train" theory requires showing of "deliberate indifference" and that "'identified deficiency in [the] training program [is] closely related to the ultimate [constitutional] injury'") (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)). Here, Plaintiff does not identify any training program or deficiency therein, and does not plead any facts tending to show "deliberate indifference." (*See generally* D.I. 34)

4

3. The Court does not decide whether Defendant Little may assert qualified immunity, as the issue is moot. Defendant Little may raise the issue again should Plaintiff file an amended complaint that meets federal pleading standards.

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than April 10, submit a joint status report with their proposal(s) for how this case should now proceed.

March 31, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE